IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**MICHAEL ST. CLAIR,**

      **Petitioner,**

v.

**CHRISTE QUICK,**

      **Respondent.**

Case No. 23-CV-338-JFH-JAR

## OPINION AND ORDER

Petitioner Michael St. Clair ("St. Clair"), a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2241, seeking an order commanding the State of Oklahoma to release him from custody. Dkt. Nos. 2, 8. Respondent Christe Quick ("Respondent") moved to dismiss St. Clair's petition, arguing that St. Clair failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1). Dkt. Nos. 13, 14. St. Clair responded in opposition to the motion [Dkt. No. 15], Respondent replied [Dkt. No. 16], and St. Clair submitted a sur-reply and supplemental brief [Dkt. Nos. 20, 25]. For the reasons discussed herein, the Court grants Respondent's motion and dismisses the petition, with prejudice, as barred by the one-year statute of limitations.

## BACKGROUND

St. Clair was convicted in 1991 in the District Court of Murray County on two counts of murder in the first degree and one count of solicitation for murder in the first degree. Dkt. No. 14-7, at 1.[1] St. Clair was additionally convicted in 1994 in the District Court of Choctaw County on two counts of murder in the first degree. *Id.* He was sentenced to life imprisonment on each of

---

[1] The Court's citations refer to the CM/ECF header pagination.

these five counts, with the counts imposed in Choctaw County running consecutively to each other and with the sentences imposed in Murray County. *Id.* In 1991, while awaiting sentencing, St. Clair escaped imprisonment and traveled to Kentucky, where he again committed murder. Dkt. No. 14 at 9. St. Clair was later apprehended in Oklahoma and returned to state custody. *Id.*

St. Clair's request for habeas relief involves an agreement between the State of Oklahoma and the Commonwealth of Kentucky for the extradition of St. Clair to Kentucky for prosecution ("Executive Agreement"). The Executive Agreement, executed January 4, 1995, provides in pertinent part:

> IT IS HEREBY AGREED by the undersigned Governor of the Commonwealth of Kentucky and the undersigned Governor of the State of Oklahoma that in the event said Fugitive shall be acquitted following a trial in the courts of the Commonwealth of Kentucky, or the prosecution in the Commonwealth of Kentucky is terminated in any manner other than by the imposition of a judgment and sentence of death, fugitive shall be returned to the State of Oklahoma at the expense of the Commonwealth of Kentucky, and that the Governor, or other acting executive authority of the Commonwealth of Kentucky, shall surrender said Fugitive to the duly authorized agents for the State of Oklahoma.

Dkt. No. 6-1 at 4. St. Clair was transported to Kentucky pursuant to the agreement, tried separately for capital murder and capital kidnapping, and sentenced to death for each. Dkt. No. 6-2; Dkt. No. 6-4 at 3-4. These proceedings gave rise to numerous appeals, reversals, and new trials. Dkt. No. 14, at 10. Ultimately, St. Clair was re-sentenced pursuant to what he refers to as a "settlement agreement" to a term of years with credit for time served, and returned to Oklahoma on November 15, 2018, to carry out the remainder of his Oklahoma sentences. Dkt. No. 2 at 7,12; Dkt. No. 6-3; Dkt. No. 14-6; Dkt. No. 14-13 at 7, 48-49.

On July 22, 2020, over a year and a half after his return to Oklahoma, St. Clair sought a writ of habeas corpus, through counsel, in the District Court of Pittsburg County. Dkt. No. 14-12 at 2. The state district court denied the petition, "conclud[ing] that habeas corpus was not the

appropriate forum to raise [St. Clair's] claims and that he should, instead, proceed under [Oklahoma's] Post-Conviction Procedure Act." *Id.* St. Clair then sought a writ of mandamus in the Oklahoma Court of Criminal Appeals ("OCCA") to "require the District Court to rule on the merits of his habeas application." *Id.* The OCCA denied relief in an order issued February 26, 2021, holding, "[a]t a minimum, [St. Clair] has not sufficiently demonstrated the inadequacy of other relief—namely the Post-Conviction Procedure Act." *Id.* at 3. St. Clair then filed an application for postconviction relief in the District Court of Murray County on October 18, 2021. Dkt. No. 14-13. The state district court denied the application, and on March 24, 2023, the OCCA affirmed. Dkt. No. 14-14.[2]

St. Clair filed his § 2241 petition in this Court on October 5, 2023, raising two claims for relief. Dkt. Nos. 2, 8. First, St. Clair contends that, because he initially received a death sentence for his crimes in Kentucky, his continued detention in Oklahoma violates the Executive Agreement. Dkt. No. 2 at 14-22; Dkt. No. 8, at 6-7. Second, St. Clair argues that he "was denied procedural due process by being transferred from Kentucky back to Oklahoma without notice, a hearing, or opportunity to object or contest Oklahoma's right to acquire custody of him." Dkt. No. 2 at 23-27; Dkt. No. 8 at 7. Respondent submits that St. Clair's petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed. Dkt. No. 14. The Court agrees.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas

---

[2] St. Clair also sought postconviction relief in the District Court of Choctaw County on October 18, 2021, but his application remained pending at the time St. Clair initiated this action. Dkt. No. 14, at 12; Dkt. No. 14-15. St. Clair does not address these postconviction proceedings in his petition. Dkt. No. 2, at 5-6, 14, 23; Dkt. No. 8, at 1.

3

petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed in § 2244(d)(1). *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

In his response brief, St. Clair refers to a "state-created impediment," though he suggests the purported impediment is a basis for equitable tolling rather than a new triggering date under § 2244(d)(1)(B). Dkt. No. 15 at 5, 7. Even if St. Clair's argument could be construed as an invocation of § 2244(d)(1)(B), his argument fails. St. Clair appears to suggest that ambiguities in state law caused his counsel to believe that Oklahoma's Post-Conviction Procedure Act ("PCPA") was not a "proper legal vehicle" for asserting St. Clair's claims and that it was not until February 26, 2021, that the OCCA advised him, in its denial of St. Clair's petition for a writ of mandamus, that St. Clair "had an available legal remedy" through the PCPA. Dkt. No. 15 at 4-7 (citing Dkt.

4

No. 5-1). Section 2244(d)(1)(B), however, only applies to impediments that violate the Constitution or federal law, and St. Clair provides no argument suggesting that the state law at issue is unconstitutionally vague.[3]

Respondent argues that November 15, 2018, the date of St. Clair's arrival in Oklahoma, provides the latest conceivable date on which the limitations period could have been triggered, and St. Clair provides no convincing argument for a later date. Dkt. No. 14 at 21. Assuming November 15, 2018, provides the appropriate triggering date, as the date on which the factual predicate of St. Clair's claims could have been discovered through the exercise of due diligence, St. Clair had until November 16, 2019, to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(D); *see United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003). Because St. Clair waited until October 5, 2023, to initiate this action, section 2244(d)(1) bars St. Clair's petition absent statutory or equitable tolling. The record reflects that St. Clair is not entitled to statutory tolling, as he did not seek collateral review of his claims until well after the expiration of the one-year limitations period. *See Clark*, 468 F.3d at 714.

While the AEDPA's limitations period may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). St. Clair argues that he is entitled to equitable tolling in

---

[3] Further, St. Clair did not file his habeas petition within one year of the date he contends the impediment was removed, even with the benefit of statutory tolling. St. Clair suggests that the purported impediment was removed on February 26, 2021, but he waited 234 days, until October 18, 2021, to file his state application for postconviction relief. Dkt. No. 14-13. Then, following the OCCA's March 24, 2023, decision affirming the state district court's denial of his application, St. Clair waited another 195 days before seeking federal habeas relief in this Court. Dkt. Nos. 8; Dkt. No. 14-14. Thus, even if the Court were to accept St. Clair's argument that the impediment alleged, one relating to state exhaustion efforts, constitutes an impediment preventing the filing of his federal habeas petition, it would not result in a timely petition.

this matter because he was "faced with uncertain state law legal avenues to present his claims" for purposes of exhaustion. Dkt. No. 15 at 4-8 (arguing that state remedies were "not obvious" and "it was ambiguous under state law how to proceed"); *see* Dkt. Nos. 20, 25. St. Clair states, "As to negligence of counsel, this is the case. Counsel failed to appreciate the extant circuit precedent regarding the application of the AEDPA limitations period to 2241 claims, and further should have been cognizant of this aspect of the case in drafting the myriad appellate documents in the state courts below." Dkt. No. 20, at 1-2.

These assertions, however, do not demonstrate extraordinary circumstances meriting equitable tolling. Even assuming St. Clair's counsel acted negligently, the Tenth Circuit has recognized that "[h]abeas counsel's negligence is not generally a basis for equitable tolling because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (second alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Attorney errors such as miscalculations and inadequate research are not sufficient to excuse untimeliness under the AEDPA. *See id.* at 1256. Similarly, the Tenth Circuit has found ignorance of the law inadequate to excuse untimely filing of habeas petitions, even where a petitioner is proceeding pro se. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Accordingly, St. Clair has not provided a convincing reason why the circumstances underlying his delay merit equitable tolling.

St. Clair raises two additional arguments against the application of the AEDPA's limitations period. First, St. Clair acknowledges the holding in *Burger v. Scott*, 317 F.3d 1133 (10th Cir. 2003), that under the AEDPA, "applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one-year period of limitations," but he argues that *Burger* was wrongly decided. *Burger*, 317 F.3d at 1138; Dkt. No. 15, at 2-3. St. Clair's

6

argument is unavailing, as the Court is bound by the precedents of the Tenth Circuit. *United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th Cir. 1990). Second, St. Clair argues that "the AEDPA cannot be applied retroactively to his case because it was enacted after the Executive Agreement was executed and he was transferred from Oklahoma to Kentucky." Dkt No. 15 at 3-4. St. Clair, however, provides no authority suggesting that the execution date of the Executive Agreement precludes application of § 2244(d) to his claims. While retroactivity concerns may arise where a prisoner has "no avenue to bring a habeas petition because his petition would always be out of time under the new language," § 2244(d)(1)(D) afforded St. Clair an avenue through which to pursue habeas relief. *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998).

## CONCLUSION

Based on the foregoing, the Court grants Quick's motion to dismiss the petition [Dkt. No. 13]. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the dismissal of the petition on statute-of-limitations grounds. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Quick's motion to dismiss [Dkt. No. 13] is GRANTED;

2. the petition for writ of habeas corpus [Dkt. No. 8] is DISMISSED with prejudice as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations;

3. a certificate of appealability is DENIED; and

4. a separate judgment shall be entered in this matter.

Dated this 16th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE